BUTTZ v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-167-CR

ROBERT ALLEN BUTTZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found appellant, Robert Allen Buttz, Jr., guilty of theft, after which the jury assessed punishment at two years’ imprisonment and a $10,000 fine.  In one point on appeal, Buttz complains that the trial court erred by admitting extraneous offense evidence over objection of counsel in violation of Texas Rule of Evidence 403.  We affirm.  

II.  Background Facts

Lewisville police officer Bradley Showalter testified that at about 1:56 am on January 19, 2005, he was conducting a “close patrol” of the business National Switchgear when he noticed a car parked on a dead-end street that only serviced businesses.  Roughly forty-five minutes later, the police stopped the car as it exited the dead-end street and found it to contain property belonging to National Switchgear.  Buttz was driving the car.  Officer Showalter arrested Buttz for theft.  

At trial, the State presented evidence that the complainant in the case, National Switchgear, had been the victim of numerous similar theft and criminal mischief crimes prior to the instant one.  The State further solicited victim impact information from Doug Powell, a representative of National Switchgear, regarding the past victimizations. 

III.  Extraneous Offense Evidence
 

In his sole point on appeal, Buttz argues that the trial court erred by admitting extraneous offense evidence over objection of counsel in violation of Texas Rule of Evidence 403.
  Rule 403 provides that “[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.”  
Tex. R. Evid. 
403.  However, Buttz failed to specifically make a Rule 403 objection at trial, instead objecting solely to relevance.  An appellate issue based on an alleged violation of Rule 403 must be preceded by a specific objection before the trial court.  
See Guy v. State
, 160 S.W.3d 606, 615-16 (Tex. App.—Fort Worth 2005, pet. ref’d).  Because Buttz did not raise a separate trial objection to the evidence based upon Rule 403, this argument is not properly before this court.  
See Bell v. State
, 938 S.W.2d 35, 49 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827, 118 S. Ct. 90 (1997); 
see also Long v. State
, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991) (expressing that when admitting evidence, the trial judge does not sua sponte engage in balancing the probative value against the prejudice but does so only upon sufficient objection invoking Rule 403); 
Montgomery v. State
, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh’g) (holding that objection based upon Rule 403 is required before trial court will balance probative value and prejudice).

We therefore hold that the trial court did not abuse its discretion in admitting evidence of the extraneous offenses.  Thus, we overrule Buttz’s point.

IV.  Conclusion 

Having overruled Buttz’s sole point, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.